IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| CHARLES F. JOHNSON, | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-20-2091 |
| ALEX AZAR, SECRETARY OF THE U.S. DEP'T OF HEALTH AND HUMAN SERVICES, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Charles Johnson appeals a Medicare decision to deny his request for an out-of-network consultation pursuant to Section 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395w-22(g)(5). *See* ECF No. 1. Brenda Amoah, a Kaiser Permanente case worker, and Xavier Becerra, the current Secretary of Health and Human Services, are named as Defendants.[1] Now pending before the Court is Defendant Amoah's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, ECF No. 10, and Defendant Becerra's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 14. A hearing on the Motions is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant both Motions.

---

[1] Plaintiff originally sued Alex Azar, then the Secretary of U.S. Department of Health and Human Services. *See* ECF No. 1. Defendant Becerra was substituted as the proper defendant. *See* Fed. R. Civ. P. 25.

1

I. **BACKGROUND**[2]

Plaintiff Johnson is a disabled veteran. ECF No. 1 at 6.[3] Plaintiff is on a Medicare Advantage Plan ("MA Plan") with Kaiser Permanente. *See* ECF No. 1-2 at 3.[4] Plaintiff has had Kaiser health insurance through Medicare for the past 26 years. *Id.* Plaintiff claims that, 20 years ago, a Kaiser doctor misdiagnosed a leg fracture and allowed an infection to grow while Plaintiff was in a nursing home. ECF No. 1 at 6. Plaintiff alleges that he had multiple surgeries to correct this mistake and ultimately needed a total knee replacement. *Id.* Plaintiff says that his knee replacement feels loose, he has difficulty bending it, and he is in constant pain. *Id.*

In 2019, Plaintiff saw three separate Kaiser specialists for his knee. Plaintiff alleges that Kaiser specialists told him that his knee replacement was not loose and that there was "nothing we can do." *Id.* Plaintiff's primary care physician referred Plaintiff to an out-of-network orthopedic surgeon, but Kaiser denied Plaintiff's request to cover the out-of-network consultation. *Id.* Plaintiff then visited a Veterans Affairs hospital where he was told that his knee replacement was loose and that he needed a replacement. *Id.* The doctor also advised him not to walk on that leg without a walker or cane. *Id.*

---

[2] These facts are taken from the Complaint, ECF No. 1, and documents attached to the Complaint, ECF Nos. 1-1, 1-2, unless otherwise noted.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] Medicare is federally-funded health insurance for the elderly and disabled. *See* 42 U.S.C. §§ 1395 *et seq.*; *see also Heckler v. Ringer*, 466 U.S. 602, 605, 104 S. Ct. 2013, 2016, 80 L. Ed. 2d 622 (1984). This case involves Part C of the Medicare Act, which covers the Medicare Advantage program. *See* ECF No. 1-2 at 4; *see also MacKenzie Med. Supply, Inc. v. Leavitt*, 419 F. Supp. 2d 766, 768 (D. Md. 2006), *aff'd*, 506 F.3d 341 (4th Cir. 2007) (explaining the three parts of the Medicare Act). In a Medicare Advantage program, a beneficiary receives health care through a private company approved by Medicare. *See* 42 C.F.R. § 422.4.

Plaintiff appealed Kaiser's decision to deny coverage for the out-of-network consultation. *See* ECF Nos. 1-1, 1-2. Section 405.904(a) describes the process for receiving a redetermination of a denied benefit:

> A beneficiary who is dissatisfied with the initial determination may request . . . a reconsideration . . . Following the reconsideration, the beneficiary may request a hearing before an [Administrative Law Judge]. . . If the beneficiary obtains a hearing before an ALJ and is dissatisfied with the decision of the ALJ, or if the beneficiary requests a hearing and no hearing is conducted, and the beneficiary is dissatisfied with the decision of an ALJ or an attorney adjudicator, he or she may request the [Medicare Appeals] Council to review the case. Following the action of the Council, the beneficiary may be entitled to file suit in Federal district court.

42 C.F.R. § 405.904(a); *see also Townsend v. Cochran*, 528 F. Supp. 3d 209, 212 (S.D.N.Y. 2021) (describing the four-level process of administrative exhaustion before a beneficiary may file suit in federal court).[5] Plaintiff timely appealed the denial to an Administrative Law Judge. *See* ECF No. 1-2. On November 6, 2019, the Administrative Law Judge released a decision finding that the MA Plan was not required to grant the request for an orthopedic consultation with an out-of-network provider. *See id.* at 3.

Plaintiff then appealed the decision to the Medicare Appeals Council. *See* ECF No. 1-2. On May 27, 2020, the Council upheld the Administrative Law Judge's decision. *Id.* The Council explained that an MA Plan may specify the network of providers from which an enrollee receives service, and thus does not need to cover-out-of-network services unless an exception applies. *Id.* at 4 (citing 42 C.F.R. § 422.112(a)). The Council noted that two exceptions were possibly relevant. First, an MA Plan must pay for out-of-network care if the in-network providers

---

[5] The Medicare Appeals Council explained in its decision that Section 405 generally applies to Medicare Part C appeals. *See* ECF No. 1-2 at 3; *see also* 42 C.F.R. § 422.608.

3

are "unavailable or inadequate" to meet medical needs, and second, an MA Plan must pay for out-of-network care if emergency care is needed. *Id.* (quoting 42 C.F.R. § 422.112(a)(3)).

The Council first decided that in-network care was available and adequate to cover Plaintiff's needs. *Id.* at 4. The Council noted that multiple Kaiser providers "have determined that knee surgery is not medically reasonable and necessary" and have instead proposed more conservative treatments, such as therapy and pain medication. *Id.* The Council then decided that there were adequate in-network providers to meet Plaintiff's needs and that Plaintiff was not entitled to a specific type of treatment: "As long as the Plan has the type of care available within the network, the Plan is not required to provide an out-of-network referral because of the enrollee's preference for a particular provider or type of treatment, no matter how justified the reason." *Id.*

Second, the Council decided that Plaintiff's care was not an emergency. A medical emergency is defined as "medical symptoms that require immediate medical attention to prevent loss of life, loss of limb, or loss of function of a limb." *Id.* at 5 (quoting Evidence of Coverage, Ch. 3 § 3.1). The Council found that there was no indication that Plaintiff required emergency treatment. The Council acknowledged that Plaintiff's care may be characterized as "urgent," in that it is a "non-emergency, unforeseen medical illness, injury, or condition that requires immediate medical care," which includes a "flare up for a known condition," but that urgent care must also be provided by an in-network provider unless the care is unavailable. *Id.* (quoting Evidence of Coverage, Ch. 3 § 3.2). The Council found that adequate urgent medical care is available to Plaintiff within the network. *Id.*

In its Notice of Decision, the Council explained that Plaintiff may seek judicial review of its decision and that a complaint must be filed in federal district court within 60 days. *Id.* at 1

(citing Section 405.1130). On June 17, 2020, Plaintiff timely appealed the Medicare Appeal Council's decision to this Court. *See* ECF No. 1-2; *see also* 42 U.S.C. 1395w-22(g)(5); 42 C.F.R. § 405.1136(a). Plaintiff requested a reversal of the Medical Appeal Council's decision to deny coverage for the out-of-network consultation. ECF No. 1 at 7. Plaintiff named Alex Azar, then Secretary of Health and Human Services, Brian Frosh, the Maryland Attorney General, William Barr, then the United States Attorney General, and Brenda Amoah, a Kaiser Permanente case worker, in his Complaint. ECF No. 1. Plaintiff also requested in forma pauperis status. ECF No. 2.

On January 13, 2021, this Court granted in forma pauperis status and dismissed Defendants Frosh and Barr. ECF No. 4 at 1. The Court explained that Frosh and Barr were not proper parties under the Social Security Act and that Plaintiff had not stated any claims against them. *Id.* at 2. The Court also ordered Plaintiff to fill out the summons and service of process forms so that the U.S. Marshals could effect service. *Id.*; *see also* Fed. R. Civ. P. 4(c)(3). The Court explained that because Defendant Azar is a United States employee sued in an official capacity, the summons and complaint must be served on Azar, Attorney General Barr, and United States Attorney for the District of Maryland Robert Hur. *Id.* at 2; *see also* Fed. R. Civ. P. 4(i). Plaintiff was ordered to complete the process within 28 days.

Defendants Amoah and Azar were served, as were United States Attorney General Barr and Maryland Attorney General Frosh. ECF Nos. 7, 8, 9. Defendant Becerra, now the Secretary of Health and Human Services, was substituted in as the proper defendant. *See* ECF No. 14 at 1; *see also* Fed. R. Civ. P. 25(d). Defendant Amoah filed a Motion to Dismiss pursuant to Rule

5

12(b)(1), ECF No. 10, and Defendant Becerra filed a Motion to Dismiss pursuant to Rule 12(b)(5), ECF No. 14.[6]

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation omitted). Once a challenge is made to subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In a 12(b)(1) motion, the court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it without converting the motion to one for summary judgment, *see id.*, but the court "must presume that the factual allegations in the complaint are true[,]" *Cash v. United States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *3 (D. Md. Dec. 11, 2012) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).

### B. Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may assert insufficient service of process by motion as a defense to a claim for relief. "Once service has been contested,

---

[6] Because this Court grants Defendant Becerra's Motion to Dismiss, it does not consider the Becerra's alternative Motion for Summary Judgment.

the plaintiff bears the burden of establishing the validity of service pursuant to [Federal Rule of Civil Procedure] Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Even when Defendants receive actual notice of the proceedings against them, Plaintiff still must comply with 'plain requirements for the means of effecting service of process.'" *Davis v. Baltimore City Cmty. Coll.*, No. 19-cv-2194-ADC, 2019 WL 5636362, at *3 (D. Md. Oct. 31, 2019) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "While pro se litigants are typically afforded greater leniency than represented litigants, '[p]ro se status . . . is insufficient to establish good cause' for failure to comply with Rule 4, 'even where the pro se plaintiff mistakenly believes that service was made properly.'" *Davis*, 2019 WL 5636362, at *2 (quoting *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011)).

### III.   DISCUSSION

#### A. Defendant Amoah's Motion to Dismiss

Defendant Amoah, a Kaiser case worker, has filed a Motion to Dismiss pursuant to Rule 12(b)(1). ECF No. 10. Defendant Amoah asserts that this Court lacks subject-matter jurisdiction over claims against her because the only proper Defendant in the action is the Secretary of Health and Human Services. *Id.* at 1. Further, Defendant Amoah argues that Plaintiff has made no allegations against her and that, even if he had, this case is not a proper vehicle for redress of other grievances. *Id.* at 3. In response, Plaintiff responds that Amoah has represented Kaiser Permanente throughout the appeals process and that Amoah's name has appeared on multiple letters that he has received from Kaiser. *See* ECF No. 12-1 at 1.

"The judicial Power of the inferior federal courts extends only as far as Article III permits and Congress chooses to confer." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). This Court was granted jurisdiction to review final Medicare decisions of

the Health and Human Services Secretary. *See* 42 U.S.C. § 1395w–22(g)(5). After the Medicare Appeals Council issues a decision, "[t]he Council's decision becomes the Secretary's decision and is the final agency decision for purposes of judicial review." *Kantor v. Becerra*, No. 20-cv-2475-DKC, 2021 WL 1139757, at *1 n.2 (D. Md. Mar. 25, 2021) (citing 42 C.F.R. § 405.1136(d)); *see also Logan v. Sebelius*, 2012 WL 4429090, at *2 (D. Or. Aug. 6, 2012), *report and recommendation adopted*, 2012 WL 4427704 (D. Or. Sept. 24, 2012) (Section "1395w–22(g)(5) grants this court jurisdiction to review the final decision of the Secretary[.]"). "In any civil action described in paragraph (a) of this section, the Secretary of HHS, in his or her official capacity, is the proper defendant." 42 C.F.R. § 405.1136(d).

As provided for in the statute and the associated regulations, the proper defendant in this action is the Secretary of Health and Human Services. Defendant Amoah is not the Secretary of Health and Human Services, so she is not a proper defendant. An appeal of the Council's decision cannot be maintained against her, regardless of her role in the appeals process. *See, e.g.*, *Logan*, 2012 WL 4429090, at *3 (D. Or. Aug. 6, 2012) ("By its plain language, 42 C.F.R. § 405.1136(d)(1) provides the Secretary 'is *the* proper defendant' in an action seeking judicial review . . . not one of several defendants that must or may be named.") (emphasis in original)); *Madsen v. Kaiser Found. Health Plan, Inc.*, 2009 WL 1537878, at *4 (S.D. Cal. June 2, 2009) (dismissing Kaiser as a defendant because "Plaintiff seeks judicial review of the final decision of the Medicare Appeals Council, [so] Kaiser Foundation is not the proper defendant.").

Additionally, Plaintiff has made no other allegations against Defendant Amoah, nor did he mention her in the Complaint. Plaintiff states that he is appealing the Council's decision, and that decision was limited to upholding the denial of the out-of-network consultation. *See* ECF No. 1-2 at 5 (explaining that "the only issue before us in this appeal is whether the Plan is

required to grant the enrollee's request for an out-of-network consultation."). To the extent that the Complaint raises issues outside of that decision, the Court lacks subject-matter jurisdiction, and the Motion to Dismiss is granted with prejudice.[7]

### B. Defendant Becerra's Motion to Dismiss

Defendant Becerra argues that the Complaint must be dismissed pursuant to Rule 12(b)(5) because Plaintiff failed to serve the United States Attorney for the District of Maryland. ECF No. 14-1 at 9. Plaintiff does not respond to this argument. *See* ECF No. 17.

Service of process is governed by Federal Rule of Civil Procedure 4. Pursuant to Rule 4(i), in order to serve the United States and its Agencies, Corporations, Officers, or Employees in their individual or official capacities, a plaintiff must serve a copy of the summons and complaint to the United States Attorney for the district where the action is brought and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i).

This Court granted Plaintiff in forma pauperis status on January 13, 2021. ECF No. 4. This Court explained that, because of Plaintiff's indigency, the United States Marshals would effect process on Defendants Azar and Amoah. *Id.* at 2. Plaintiff was directed to complete and return summons and Marshal forms to the Clerk within 28 days. *Id.*

Plaintiff filled out the forms, indicating that Defendant Amoah, Defendant Azar, and William Barr, then United States Attorney General, should be served. *See* ECF Nos. 5, 8. However, Plaintiff mistakenly wrote that Brian Frosh, the Maryland Attorney General, should be served, instead of the United States Attorney for the District of Maryland, then Robert Hur. *See*

---

[7] Further, the Council noted its lack of jurisdiction over "quality of care" claims: "[i]f the enrollee complains of the quality of care . . . then the enrollee's concerns are addressed through grievance procedures established by the Plan. The Council does not have jurisdiction over grievances and grievances do not provide a legal basis on which we can provide relief." ECF No. 1-2 at 5 (citing 42 C.F.R. § 422.564).

ECF Nos. 5-4 at 1, 8-1 at 1. The U.S. Attorney for the District of Maryland has not been served, as required by Rule 4(i).

Plaintiff has failed to comply with the service of process requirements. A failure to properly serve defendants warrants a dismissal under Rule 12(b)(5), despite a plaintiff's pro se status. *See, e.g.*, *Conyers v. Dep't of Com.*, No. 17-cv-1370-GJH, 2018 WL 1947073, at *3 (D. Md. Apr. 24, 2018). Plaintiff has not attempted to establish "good cause" for the failure, for which the Court must extend the time to effect proper service under Rule 4(m). *See* Fed. R. Civ. P. 4(m) (noting that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). On its own, pro se status is not enough to establish "good cause." *See Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011), *aff'd*, 458 F. App'x 268 (4th Cir. 2011) ("Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.") (internal quotations and citations omitted). Because Plaintiff has not established good cause, the Court is not required to extend service for an appropriate time. *See Tann*, 276 F.R.D. at 193 (citing Fed. R. Civ. P. 4(m)).

This Court notes that, absent good cause, it is unclear if a district court has discretion to grant an extension of the service deadline. *See, e.g.*, *Want v. Bulldog Fed. Credit Union*, No. 19-cv-2827-ELH, 2021 WL 1662456, at *3 (D. Md. Apr. 28, 2021) (collecting cases to demonstrate that "[s]everal district judges within the Fourth Circuit have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause."). However, most courts have noted that, even without good cause, there must still be some "'reasoned basis'" behind a decision on whether to grant additional time to effect proper service. *See id.* (quoting *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)).

Here, Plaintiff was informed of the specific service requirements, both by this Court's Order and by the Notice of Decision of Medicare Appeals Council. In this Court's Order, the Court explained to Plaintiff that he must serve then-Secretary Azar, then-Attorney General William Barr, and then-U.S. Attorney for the District of Maryland Robert Hur. *See* ECF No. 4 at 2. The Court also explained that "[f]ailure to comply with this order may result in dismissal without prejudice of the Complaint." *Id.* The Court ordered Plaintiff to complete the summons and U.S. Marshal service of process forms within 28 days. *Id.* at 2, 3. Plaintiff was also informed in the Notice of Decision of Medicare Appeals Council: "[Y]ou must serve the United States Attorney for the district in which you file your complaint[.]" ECF No. 1-2 at 2.

Plaintiff was given detailed instructions on how to effect proper service. There was no excuse to not comply with the requirements. *See, e.g.*, *Conyers*, 2018 WL 1947073, at *3 n.7 (finding that there was "no excuse for Plaintiff's failure to abide by the procedural requirements set forth in the Federal Rules" when the Court set forth the requirements in an Order). This Court cannot find a "reasoned basis" for extending time to complete the requirements. Thus, the Complaint is dismissed without prejudice pursuant to Rule 12(b)(5). *See, e.g.*, *Ebert v. Anthem Health Plans of Ky., Inc.*, 2022 WL 509117, at *2 (W.D. Ky. Feb. 18, 2022) (dismissing a Medicare appeal because "neither the Department, the Secretary, nor the U.S. Attorney have been served" within the 90-day window, nor did the plaintiff request an extension); *Thaxton v. Medicare Appeals Council*, 2015 WL 1731213, at *2 (M.D. Tenn. Apr. 14, 2015) (collecting cases where dismissal of the action was warranted when plaintiffs had been instructed how to serve the proper defendants and had failed to do so).[8]

---

[8] In addition, though this is enough to dismiss the Complaint, the Court notes here that Plaintiff states that he did already conduct an out-of-network consultation. *See* ECF No. 1 at 6. Further, in his response in opposition to Defendant Becerra's Motion to Dismiss, Plaintiff states that he later had knee surgery at the VA hospital. *See* ECF No. 17 at 3. Thus, it is unclear to this Court, and was unclear to the Medicare Appeals Council, exactly what remedy

## IV. CONCLUSION

For the reasons discussed, this Court grants Defendant Amoah's Motion to Dismiss with prejudice. Additionally, the Court will grant Defendant Becerra's Motion to Dismiss without prejudice. A separate Order follows.

Dated: __March   24,  2022__              /s/_____
                                          GEORGE J. HAZEL
                                          United States District Judge

---

Plaintiff is still seeking in this action. *See also* ECF No. 1-2 at 5 ("Moreover, it is unclear what remedy the enrollee seeks now that he has received an out-of-network consultation. To the extent that the enrollee requests prior authorization for orthopedic surgery or another service, the enrollee must seek a new organization determination from the Plan.") (citing 42 C.F.R. § 422.566).