IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| CHARLES F. JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-2091 |
| ALEX AZAR, SECRETARY OF THE U.S. DEP'T OF HEALTH AND HUMAN SERVICES, *et al.*, | * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Charles Johnson brought an action appealing a Medicare decision denying his request for an out-of-network consultation pursuant to Section 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395W-22(G)(5). *See* ECF No. 1. Plaintiff named Brenda Amoah, a Kaiser Permanente case worker, and Xavier Becerra, the current Secretary of Health and Human Services as Defendants.[1] The Court previously granted both Defendants' Motions to Dismiss. ECF No. 19. Now pending before the Court is Plaintiff's Motion to Reopen. ECF No. 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is denied.

**I.   BACKGROUND**

The background of this case was described in detail in the Court's Memorandum Opinion dismissing this action. ECF No. 18. The Court briefly summarizes that background here. Plaintiff

---

[1] Plaintiff originally sued Alex Azar, then the Secretary of U.S. Department of Health and Human Services. *See* ECF No. 1. Defendant Becerra was substituted as the proper defendant. *See* Fed. R. Civ. P. 25.

1

is a disabled veteran on a Medicare Advantage Plan. ECF No. 1 at 6.[2] He has had Kaiser Permanente health insurance through Medicare for the past twenty-six years. *Id.* Plaintiff states that a Kaiser doctor misdiagnosed a leg fracture and allowed an infection to grow in his knee and he ultimately needed a total knee replacement. *Id.* He says that his knee replacement felt loose and he was told by Kaiser specialists that there was nothing they could do. *Id.* His Kaiser primary care physician referred him to an out-of-network orthopedic surgeon, but Kaiser denied him coverage for that out-of-network consultation. *Id.* Plaintiff appealed that denial to an Administrative Law Judge, who found that Kaiser was not required to cover the consultation with an out-of-network provider. ECF No. 1-2 at 3. Plaintiff appealed the decision to the Medicare Appeals Council. *Id.* The Council upheld the Administrative Law Judge's decision. *Id.* The Council informed Plaintiff that he may seek judicial review of its decision by filing a complaint in the federal district court within sixty days. *Id.* at 1. Plaintiff timely appealed the Council's decision to this Court. ECF No. 1-2; *see also* 42 U.S.C. 1395w-22(g)(5); 42 C.F.R. § 405.1136(a). Plaintiff filed his Complaint on July 17, 2020. ECF No. 1.

On March 10, 2021, Defendant Amoah filed a Motion to Dismiss for lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1). ECF No. 10. On April 12, 2021, Defendant Becerra filed a Motion to Dismiss for insufficient service pursuant to Rule 12(b)(5). ECF No. 14. On March 24, 2022, this Court granted Defendant Amoah's Motion to Dismiss with prejudice and granted Defendant Becerra's Motion to Dismiss without prejudice. ECF Nos. 18, 19. On April 7, 2022, Plaintiff filed a Motion to Reopen Case.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II.   DISCUSSION

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). "A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls." *Cummings v. Nat'l Lab. Rels. Bd.*, No. CV RDB-16-0216, 2016 WL 6124677, at *2 (D. Md. Oct. 19, 2016), *aff'd*, 678 F. App'x 101 (4th Cir. 2017) (citing Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992)).

The United States Court of Appeals for the Fourth Circuit "has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citations omitted).

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  *Id.* (quoting *Hale v. Belton Assoc., Inc.,* 305 Fed. App'x 987, 988 (4th Cir. 2009)). If these requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b).

Because Plaintiff filed his motion within twenty-eight days of this Court's March 24, 2022, Order, ECF No. 19, the Court evaluates Plaintiff's motion under the standards of both Rules 59(e) and 60(b). Plaintiff fails to meet the requirements under either standard. Plaintiff states that his case should be reopened because he followed all instructions from the Court and served all Defendants except the United States Attorney for the District of Maryland because he was instructed by the Court that he did not have to serve that Defendant. ECF No. 20 at 1. However, Plaintiff was informed by this Court and by the Medicare Appeals Council that he was required to serve the United States Attorney for the District of Maryland. *See* ECF No 4 at 2; ECF No. 1-2 at 2. The Court also informed Plaintiff that "[f]ailure to comply with this order may result in dismissal without prejudice of the Complaint." ECF No. 4 at 2. Plaintiff had twenty-eight days to complete the summons and U.S. Marshal service of process forms. *Id.* at 2–3. Thus, Plaintiff was properly informed of his duty to serve the United States Attorney for the District of Maryland. To the extent Plaintiff is attempting to have the Court revisit its earlier decision granting both Defendants' Motions to Dismiss, the Court denies to do so. "Where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *Clark v. Guistwite*, No. CV TDC-22-1694, 2022 WL 3358115, at *1 (D. Md. Aug. 12, 2022) (quoting *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995)); *Constellation Newenergy, Inc. v. Om Vegetable Inc.*, No. CV DKC 21-0359, 2021 WL 5839315, at *2 (D. Md. Dec. 9, 2021) ("[l]ike Rule 59(e), Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.") (quoting *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982)).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. A separate Order follows.


Date: January 27, 2023                                          /s/
                                                        GEORGE J. HAZEL
                                                        United States District Judge